56 F.3d 67
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Alan J. GIESE, Plaintiff-Appellant,
v.
Shirley S. CHATER,[2] Commissioner of Social
Security, Defendant-Appellee.
 No. 93-1043.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 18, 1995.[1]
Decided May 18, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 In 1990, plaintiff Alan J. Giese, then a 19-year-old college student,[3] sought disability benefits due to a progressive spinal muscular atrophy which was diagnosed when he was 11 years old. An ALJ found that plaintiff was not disabled because he could perform a significant number of exertionally light jobs in the national economy. The Appeals Council denied plaintiff's request for review. The district court affirmed the Secretary's final decision, and plaintiff appeals.
 
 
 2
 At the hearing before an ALJ, plaintiff testified that he was in his freshman year at the University of Wisconsin, where he was studying computer science. He lived with his parents when school was not in session, but otherwise lived on campus. He carried a full 12-credit load of courses, attending classes two to three hours each day. He tried not to schedule his classes too closely together because he needed more than ten minutes to get from one building to the next. The only medical treatment he received for the disease was a visit to Dr. Gomez at Mayo Clinic once every two years.
 
 
 3
 Plaintiff testified that the symptoms he experienced included weakness in his legs. He could walk four or five blocks, avoided stairs when possible, and sometimes rested during the day. In the two summers prior to the hearing, plaintiff had worked with a youth employment program performing painting, cleaning and other odd jobs at the local high school, five days a week, seven hours a day. Plaintiffs older brother testified that he suffered from the same disease, was required to use a cart for transportation, and received disability benefits.
 
 
 4
 Plaintiff argues that the ALJ erred in viewing his college attendance as evidence of his ability to perform light work. The Secretary can first determine whether the individual is currently engaging in substantial gainful activity; if so, a finding of non-disability is made and the inquiry ends. 20 C.F.R. Sec. 404.1520(b). The ALJ here specifically found that plaintiff had not engaged in substantial gainful activity since filing for SSI benefits.[4]
 
 
 5
 The ALJ considered plaintiff's school attendance only to assist in determining plaintiff's functional capacity, i.e., whether plaintiff's daily activities demonstrated that he could perform light work. See, e.g., Moon v. Sullivan, 923 F.2d 1175 (6th Cir. 1990). The medical evidence supported this finding. The ALJ found that, although plaintiff suffered from progressive muscle atrophy, "potentially a very severe condition," the effects of the condition as of the date of the hearing were benign, and plaintiff had "no significant restrictions or limitations. The [plaintiff] is bright and alert, gets about well, and has good use of his arms and hands. Presently, the claimant does not have any disabling symptoms, but he should refile for benefits when his symptoms become more severe." This finding is consistent with the report of Dr. Gomez, plaintiff's physician at Mayo Clinic, who wrote:
 
 
 6
 Mr. Giese has been examined [at] the Mayo Clinic several times since July 1983 and the repeated examination has shown a gradual loss of muscle strength. He still is able to climb stairs but he can only do so one step at a time using the railing to pull himself up. He also has difficulty going down stairs, getting up from a sitting position and walking more than half a mile.
 
 
 7
 In addition, Drs. Baumblatt and Daly opined that plaintiff could perform sustained light work, and both noted that plaintiff's use of his hands was not restricted.
 
 
 8
 Plaintiff also argues that the Secretary erred in using the grid to determine whether work exists that plaintiff can perform given his vocational profile and residual functional capacity. 20 C.F.R. Sec. 416.920(f). No error occurred. The "grid," as it is called, is appropriately used when, as here, under step three there is no existing impairment which meets or equals the requirements of impairments listed in 20 C.F.R. part 404, subpart P. The ALJ must then proceed to step four to determine a claimant's residual functional capacity to perform his past work. Because plaintiff only had a few short-term summer jobs, the ALJ chose to assume that plaintiff had no past relevant work. The ALJ proceeded to step five and determined whether other work existed that plaintiff could perform. 20 C.F.R. Sec. 416.920(f). There were only slight restrictions on plaintiff's physical abilities. He could walk half a mile, he did not suffer pain, he took no medications, he did not see a physician more than once every two years for treatment of the disease, and he was able to attend college full-time with little difficulty. This was established through plaintiff's own testimony and the medical evidence. There is no doubt that the ALJ properly found that plaintiff could perform light work and therefore was not disabled at this time.
 
 
 9
 Finally, plaintiff argues that SSI benefits should be provided so that he may complete college. For example, plaintiff argued to the Appeals Council: "Assistance from SSI will help me to receive the education I need to become gainfully employed and to live independently." Plaintiff's brother testified that "[t]he only way [plaintiff] is going to get a job is to go through college and get a four year degree and support himself for the rest of his life. That's the only way he's going to get a job." Plaintiff also points to Dr. Gomez's opinion that plaintiff should receive a good education.[5] Vocational rehabilitation services, however, are available only to persons who are receiving SSI for disability, 42 U.S.C. Sec. 1382d(a), and plaintiff has not been found to be disabled under the Social Security Act.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [2]
 Shirley S. Chater is substituted for Donna E. Shalala pursuant to Fed. R. App. P. 43(c)
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [3]
 Plaintiff was born on April 6, 1972
 
 
 [4]
 Even if that finding had been made, it was not erroneous to consider plaintiff's school attendance. The inability to engage in "substantial gainful activities" is a statutory prerequisite to obtaining benefits. Dotson v. Shalala, 1 F.3d 571, 575 (7th Cir. 1993). Substantial gainful activity is defined as "work activity that involves doing significant physical or mental activities." 20 C.F.R. Sec. 416.972(a). "Gainful" activity is defined as "work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. Sec. 416.972(b). The regulations speak directly to school attendance:
 Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity." 20 C.F.R. Sec. 416.972(c) (emphasis added).
 Nevertheless, the ALJ may consider school attendance along with medical testimony and other evidence. Gay v. Sullivan, 986 F.2d 1336, 1339 (10th Cir. 1993); Gossett v. Bowen, 852 F.2d 802, 807 (10th Cir. 1988). In concluding that plaintiff was not disabled, the ALJ properly considered his school attendance in conjunction with medical reports. Cf. Cohen v. Secretary of Dept. of Health and Human Services, 964 F.2d 524, 531 (6th Cir. 1992) (court reverses Secretary's denial of benefits; claimant's attendance at law school was probative of whether she was capable of engaging in substantial gainful activity, but ALJ erred in finding the school attendance determinative of the issue).
 
 
 [5]
 Dr. Gomez wrote in a letter: "Mr. Giese is disabled and is entitled to Medical Assistance because of the progressive nature of his disability and his inability to get around to pursue the education or training he deserves."